IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JMMJ Resources, LLC<br>d/b/a SMARTePLANS<br><br>       Plaintiff,<br>v.<br><br>STORMY HAYES-KNIPE,<br>an individual<br><br>       Defendant. | Case No. _____<br><br>Jury Demanded |

## ORIGINAL COMPLAINT

Plaintiff JMMJ Resources, LLC d/b/a SMARTePLANS ("Plaintiff" or "SMARTePLANS") brings this action for copyright infringement and violations of the Digital Millennium Copyright Act against Defendant Stormy Hayes-Knipe ("Defendant" or "Hayes-Knipe") and alleges as follows:

### PARTIES

1. Plaintiff SMARTePLANS is a Texas limited liability company with its principal place of business in Spring, Texas.

2. Defendant Hayes-Knipe is an individual residing in this Judicial District. She may be served with process at 1717 West Loop South, Ste. 1700, Houston, Texas 77027 or wherever she may be found.

## JURISDICTION AND VENUE

3. The Court has personal jurisdiction over the Defendant because Defendant resides and conducts business in Texas and within this Judicial District, and more specifically has committed the acts complained of herein in Texas and this Judicial District.

4. This Court has subject matter jurisdiction over this action. Plaintiff is asserting violations of the Copyright Act and the Digital Millennium Copyright Act (the "DMCA"), both codified at 17 U.S.C. § 101 *et seq*. Pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights) this Court has original subject matter jurisdiction over the subject matter of the claims asserted herein.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant Hayes-Knipe resides and/or may be found in this Judicial District.

## BACKGROUND FACTS

***Plaintiff owns the copyright(s) in the Copyrighted Works.***

6. Plaintiff SMARTePLANS is a company that was founded by Judith Sinnard ("Sinnard") over 18 years ago. For nearly two decades Sinnard and her company, Plaintiff SMARTePLANS, have been in the business of creating customized digital property pictorials (such as pictorials of residential floor plans) and licensing the use of the pictorials to real estate agents, brokers, and owners in Houston. One of those residential floor plan pictorials is the subject of this case and been copyrighted by Plaintiff, which owns and has registered that copyright. Plaintiff also has a federal trademark registration for the service mark SMARTePLANS®.

7. The title of the copyrighted work at issue in this case (the "Copyrighted Work") is "2520 Robinhood, Unit 1200," which depicts a pictorial of the floor plan of an existing two-story penthouse residence in Houston. The copyright for the Copyrighted Work has been registered with the United States Copyright Office as Registration No. VA 2-133-272 (the "Registration"). A copy of the Certificate for the Registration is attached hereto as **Exhibit 1**. A sample of the Copyrighted Work, which was filed with the Copyright Office as the deposit copy for that Registration, is attached as **Exhibit 2**.

8. The Copyrighted Work is copyrightable under the federal copyright laws, and Plaintiff SMARTePLANS owns the copyright in the Copyrighted Work.

9. Prior to the Defendant's infringement, discussed below, Plaintiff published copies of the Copyrighted Work. Authorized published copies of the Copyrighted Work included "Copyright Management Information" as defined in 17 U.S.C. § 1202(c).

***Defendant willfully infringed the Copyrighted Work(s).***

10. Defendant Stormy Hayes-Knipe is a real estate agent who lives and works in Houston, Texas. As part of her business, Defendant advertises, markets, and promotes homes for sale using traditional print media such as brochures. She also advertises, markets, and promotes homes on the internet using her website, www.stormyhayesknipe.com. She has also advertised, marketed, and promoted sales using one or more multiple listing services ("MLS") on HAR.com.

11. During 2021 and 2022, from at least September 10, 2021, to March 20, 2022, Defendant Hayes-Knipe had gained access to the Copyrighted Work and used one or more images that are copies of the Copyrighted Work ("Copy" or "Copies") by, among other

3

things, reproducing, downloading, publishing, posting, distributing, and/or otherwise copying the Copyrighted Work. Without proper authorization, Defendant used those Copies to advertise, market, and promote the sale of the property at 2520 Robinhood, Unit 1200. For example, Defendant posted an infringing Copy on HAR.com in connection with that property for which Defendant was acting as an independent real estate agent.

12.    Also, on information and belief, Defendant intentionally removed or caused to be removed Plaintiff SMARTePLANS' Copyright Management Information (CMI) from at least one version of the Copyrighted Work in the course of preparing her Copy or Copies. For example, Defendant posted an infringing Copy in a Portable Document Format (PDF) file on HAR.com. That PDF file posted by Defendant contained a virtually identical copy of the floor plan images that were part of one of the Copyrighted Works prepared by Plaintiff, except that the printed SMARTePLANS® logo and Copyright Management Information had been removed. The PDF file version posted by Defendant showed Plaintiff's original arrowhead symbols representing what should have been links to the photographs but in Defendant's Copies the original link-coding was missing or suppressed, so the links were not operational.

13.    On information and belief, after removing the SMARTePLANS Copyright Management Information, Defendant then distributed her Copies knowing full well that such Copyright Management Information had been removed without proper authorization.

14.    On information and belief, at the time Defendant removed the Copyright Management Information and also while she was later publishing and distributing Copies of the Copyrighted Work from which the Copyright Management Information had been

4

removed, Defendant knew or had reasonable grounds to know that such behavior would induce, enable, facilitate, and/or conceal her infringement.

## CAUSES OF ACTION

### COUNT ONE: COPYRIGHT INFRINGMENT

15. Plaintiff SMARTePLANS alleges that Defendant Hayes-Knipe has engaged in copyright infringement in violation of the U.S. federal copyright laws and repeats and incorporates the allegations set forth above by reference.

16. SMARTePLANS owns the copyright(s) in the Copyrighted Work, which is copyrightable.

17. Defendant has infringed copyright(s) in the Copyrighted Work under 17 U.S.C. § 501, by violating SMARTePLANS' exclusive rights in the Copyrighted Work (including the right to reproduce and the right to prepare derivative works) under 17 U.S.C. § 106. For example, as set forth above, Defendant has engaged in copying, publishing, and distributing works that are copies or derivatives of the Copyrighted Work ("Copies").

18. On information and belief, Defendant's acts of infringement were committed willfully.

19. Plaintiff is entitled to monetary and injunctive relief as specified below.

### COUNT TWO: VIOLATIONS OF THE DMCA

20. Plaintiff SMARTePLANS alleges that Defendant Hayes-Knipe has engaged in violations of the Digital Millennium Copyright Act ("DMCA) and repeats and incorporates the allegations set forth above by reference.

21.     Defendant has, without authority of SMARTePLANS or the law, removed or authorized the removal of SMARTePLANS' Copyright Management Information from at least one copy of the Copyrighted Works, knowing or having reasonable grounds to know that such removal would induce, facilitate, and/or conceal an infringement of SMARTePLANS' copyright(s).

22.     Defendant has, without authority of SMARTePLANS or the law, distributed one or more Copies of the Copyrighted Works with the knowledge that SMARTePLANS' Copyright Management Information had been altered or removed from at least one copy used to prepare the one or more Copies, knowing or having reasonable grounds to know that such distribution would induce, facilitate, and/or conceal an infringement of SMARTePLANS' copyright(s).

23.     Plaintiff is entitled to monetary and injunctive relief as specified below.

## CONDITIONS PRECEDENT

24.     All conditions precedent have been performed or have occurred.

## JURY DEMAND

25.     Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff SMARTePLANS prays that Defendant Stormy Hayes-Knipe be summoned to appear and answer herein, and that Plaintiff have judgment against Defendant for the following:

A.      A finding that Defendant has copied the Plaintiff's Copyrighted Work,

B. A finding that Defendant has violated the DMCA,

C. Entry of a preliminary and permanent injunction against Defendant, including the remedies specified in 17 U.S.C. §§ 502 and 503,

D. An award of Plaintiff's damages and Defendant's profits, as provided for in 17 U.S.C. § 504,

E. An award of statutory damages including statutory damages of $25,000 for each act committed in violation of the DMCA as set forth in 17 U.S.C. § 1202,

F. A finding that Plaintiff is the prevailing party, and that Plaintiff is entitled to an award of its reasonable attorneys' fees and costs pursuant to 17 U.S.C. §§ 505 and 1202,

G. Prejudgment and post-judgment interest, and

H. All other relief to which Plaintiff may be justly and equitably entitled.

Respectfully Submitted,

Date: October 14, 2022

**ELLIOTT LAW PLLC**

/s/ Douglas H. Elliott
Douglas H. Elliott
Attorney-In-Charge
Texas Bar No. 06535900
S.D. Texas No. 7830
doug@elliottiplaw.com
6750 West Loop South, Suite 995
Bellaire, Texas 77401
Telephone: (832) 485-3560
Facsimile: (832) 485-3511

**ATTORNEYS FOR PLAINTIFF**